FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ JUN 17 2014 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROY JIMINEZ,

               Plaintiff,

     -against-

BANK OF AMERICA, N.A., et al.,

               Defendants.
----------------------------------------------------------------X
FEUERSTEIN, District Judge:

ORDER
13-CV-7221(SJF)(GRB)

     Pending before the Court is the *sua sponte* Report and Recommendation ("the Report") of the Honorable Gary R. Brown, United States Magistrate Judge, dated May 15, 2014: (1) recommending that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute and to comply with orders of the Court; and (2) advising plaintiff (a) that "[a]ny written objections to [the] Report * * * must be filed with the Clerk of the Court within fourteen (14) days of service of [the] [R]eport[,] 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b)[,]" (Report at 4); (b) that "[a]ny requests for an extension of time for filing objections must be directed to * * * [my attention] prior to the expiration of the fourteen (14) day period for filing objections[,]" (id.); and (c) that a "**[f]ailure to file objections within fourteen (14) days will preclude further review of [the Report] either by the District Court or Court of Appeals[,]**" (id.) (emphasis in original). On May 15, 2014, defendants served a copy of the Report upon plaintiff at his last known address by first-class mail. (Doc. No. 23). Plaintiff has not filed any objections to the Report, nor sought an extension of time to do so. For the reasons stated herein and in the Report, Magistrate Judge Brown's Report is accepted in its entirety and this action is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's failure to prosecute and to comply with orders of the Court.

1

I.   Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Specifically, where, as here, a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted), his "failure to object timely to [that] report waives any further judicial review of the report." Id.; see also Caidor v. Onondago County, 517 F.3d 601, 604 (2d Cir. 2008); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993).

"Although this rule applies equally to counseled and *pro se* litigants, it is 'a nonjurisdictional waiver provision whose violation [the Court] may excuse in the interests of justice.'" King v. City of New York, Department of Corrections, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (quoting Roldan, 984 F.2d at 89). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000); see also King, 419 F. App'x at 27 (accord).

II.  Review of Report

Although the Report provided plaintiff with the requisite "express warning" of the consequences of a failure to timely file objections thereto, Caidor, 517 F.3d at 603, plaintiff has not filed any objections to Magistrate Judge Brown's Report, nor sought an extension of time to do so.

2

Accordingly, plaintiff has "waive[d] any further judicial review of the findings contained in the report." Spence, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court will not exercise its discretion to excuse plaintiff's default in filing timely objections to the Report in the interests of justice. Accordingly, the Report is accepted in its entirety and this action is dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with orders of the Court.

III. Conclusion

For the reasons set forth herein and in the Report, Magistrate Judge Brown's Report is accepted in its entirety and this action is dismissed in its entirety with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and to comply with orders of the Court. The Clerk of the Court shall enter judgment against plaintiff in this action, close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties as provided in Rule 5(b) of the Federal Rules of Civil Procedure and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein
--------------------------------
Sandra J. Feuerstein
United States District Judge

Dated: June 17, 2014
Central Islip, New York

3